IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAMIREZ,<br><br>          Petitioner,<br><br>   v.<br><br>A. NOLLS,<br><br>          Respondent. | No. C 10-3008 LHK (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the California Board of Parole Hearings ("Board") in 2009 finding him unsuitable for parole. Specifically, Petitioner argued that there was no evidence that he was currently a danger to society, and thus, the Board violated his right to due process rights in failing to find him suitable for parole. The Court issued an order to show cause. On June 7, 2010, Respondent filed a motion to dismiss the petition. Petitioner filed an opposition to the motion, and Respondent replied. For the reasons stated below, the Court GRANTS Respondent's motion to dismiss, and DISMISSES the petition for failure to state a claim.

**BACKGROUND**

On March 9, 1992, Petitioner was sentenced to a term of 15 years-to-life in state prison after his conviction for second degree murder in San Luis Obispo County Superior Court. At his parole suitability hearing in 2009, the Board found Petitioner to be unsuitable for parole.

1  Petitioner challenged this decision unsuccessfully in habeas petitions filed in all three levels of
2  the California courts. Petitioner thereafter filed the instant petition.

### DISCUSSION

Respondent has filed a motion to dismiss the case for failure to state a claim. Specifically, Respondent argues that Petitioner's petition was not specific enough to satisfy the notice pleading requirement, and that Petitioner failed to state "specific, particularized facts" demonstrating that he was entitled to relief. In his reply, Respondent claims, in the alternative, that Supreme Court law forecloses Petitioner's claim.

The Supreme Court has made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam). Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial. *Id.*, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). Thus, Petitioner's allegation that the Board improperly denied parole based on insufficient evidence, fails to state a cognizable claim upon which relief may be granted. *See id.*

Because Petitioner's claim is not cognizable, Respondent's motion to dismiss is GRANTED. In light of *Cooke*, the Court DISMISSES the petition for failure to state a claim.

### CONCLUSION

The petition for a writ of habeas corpus is DISMISSED. Petitioner has failed to make a substantial showing that his claim amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: __4/19/11_____

LUCY H. KOH
United States District Judge

Order Granting Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\SJ.LHK\HC.10\Ramirez008mtdparole.wpd   2